UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH R. CELLURA, individually and derivatively on behalf of ADMI, INC., a Nevada Corporation,<br><br>Plaintiffs,<br>v.<br><br>DOUGLAS R. DOLLINGER, an individual, THE LAW OFFICES OF DOUGLAS R. DOLLINGER, P.C., & ASSOCIATES, New York law firm, MICHASEL GHISELLI, an individual, and DOES 1-10, inclusive.<br><br>Defendants,<br><br>And ADMI, INC., a Nevada Corporation,<br><br>Nominal Defendant. | Case No 3:24-cv-172-ART-CSD<br><br>ORDER ON MOTION TO REMAND (ECF No. 8) AND MOTION TO DISMISS, TRANSFER, OR STAY (ECF No. 4) |

Plaintiff Joseph Cellura brings this lawsuit individually and derivatively on behalf of ADMI, INC against Defendants Douglas Dollinger, the Law Offices of Douglas R. Dollinger, P.C., & Associates, Michael Ghiselli, and Does 1-10, inclusive. Plaintiff brings claims for breach of contract, breach of fiduciary duty, negligence/professional malpractice, defamation, intentional interference with contract and with prospective economic advantage, and for declaratory relief.

Plaintiff originally filed his complaint in the Second Judicial District Court of the State of Nevada. (ECF No. 1 at 11.) Defendants subsequently removed the action to federal court based on diversity jurisdiction under 28 U.S.C § 1332. (ECF No. 1). Before this Court are Plaintiff's motion to remand (ECF No. 8) and Defendants' motion to dismiss, stay, or transfer under the first-to-file rule (ECF No. 4). The Court held oral argument on both motions on November 5, 2024. (ECF

No. 23.)

Because the Court finds that ADMI should be aligned as a Defendant in this action, there is no diversity of parties, and the Court grants Defendants motion to remand (ECF No. 8). The Court further denies as moot Defendants' motion to dismiss, stay, or transfer this action (ECF No. 4).

## I.  BACKGROUND

The facts pertinent to this motion revolve around a dispute regarding the control and ownership of ADMI. Cellura's complaint alleges that he is the rightful majority shareholder and CEO of ADMI. (ECF No. 1 at 13). According to Cellura, Defendant Ghiselli falsely purports that he himself is the CEO of ADMI and that Cellura is not the majority shareholder, a contention Ghiselli does not dispute (*Id.* at 13, 16; ECF No. 4 at 7.) Thus, Cellura alleges in his complaint, among other claims, that Defendant Ghiselli is in breach of the ADMI bylaws and his fiduciary duties for falsely contending to control ADMI. (*Id.* at 22-23.) Additionally, prior to this lawsuit being commenced, an action was filed in the Southern District of New York, ("S.D.N.Y. action") in which Ghiselli, as both an individual and on behalf of ADMI and other entities, as well as other plaintiffs unrelated to this action, filed suit against Cellura and other defendants.[1]

## II.  MOTION TO REMAND

A defendant may only remove a case brought in state court if the federal district court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). Federal courts "strictly construe the removal statute against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). When removal is based on diversity jurisdiction under 28 U.S.C § 1332, there must be complete diversity between the parties;

---

[1] *Banyon International Corporation n/k/a Global Brands Capital Corp, et al. v. Joseph Cellura et al.*, No. 24-cv-859-KMK (S.D.N.Y. filed Feb. 6, 2024).

1  "Diversity removal requires complete diversity, meaning that each plaintiff must
2  be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by &*
3  *through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*,
4  519 U.S. 61, 68 (1996)).

5      Here, Plaintiff Cellura is a citizen of Nevada. Defendant Dollinger, as well
6  as his law firm, are citizens of New York and Defendant Ghiselli is a citizen of
7  California (ECF No. 8 at 3; ECF No. 1 at 5.) ADMI, Inc. is a citizen of Nevada
8  because it is incorporated in and has a principal place of business in Nevada. 28
9  U.S.C. § 1332(c)(1); (ECF No. 8 at 3.) Thus, whether ADMI is properly aligned as
10 a plaintiff or defendant in this action will determine whether there is complete
11 diversity between the parties. If ADMI is properly aligned as a plaintiff, diversity
12 remains. However, if ADMI is properly aligned as a defendant, then both Cellura
13 as a plaintiff and ADMI as a defendant are citizens of Nevada, and diversity is
14 destroyed.

### A. Legal Standard

16     "Because a derivative lawsuit brought by a shareholder is 'not his own but
17 the corporation's,' the corporation 'is the real party in interest' and usually
18 properly aligned as a plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d
19 1223, 1234 (9th Cir. 2008) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S.
20 518, 522–23 (1947)). However, an exception exists when the corporation's
21 directors are antagonistic to the plaintiff. *Id*. When "the very individuals who have
22 a stranglehold over the corporation are the people against whom suit is sought
23 to be brought … in any sense that has any meaning they are the defendants for
24 that reason," *Id*. (quoting *Smith v. Sperling*, 354 U.S. 91, 103 (1957)). For example,
25 where a plaintiff stockholder has demanded that the directors of a corporation
26 bring an action on behalf of the corporation and they have refused to do so,
27 antagonism is generally shown. *Smith*, 54 U.S. at 97; *Swanson v. Traer*, 354 U.S.
28 114 (1957). Antagonism will not be shown, however, where a stockholder plaintiff

has the power to oust the officers or directors opposed to the suit (such as when the plaintiff is a majority shareholder), or where the corporation is "deadlocked" and cannot take any action. *See e.g. Taylor v. Swirnow*, 80 F.R.D. 79, 84 (D. Md. 1978). Under Ninth Circuit precedent, "a court determining alignment is permitted to "look beyond the pleadings' to the actual interest of the parties" *In re Digimarc*, 549 F.3d 1223, 1236 (9th Cir. 2008) (internal citations omitted).

### B. Analysis

Cellura argues that antagonism exists because Defendant Ghiselli purports to control ADMI and thus would oppose any demand by Cellura that ADMI bring an action against himself and Dollinger. Defendants counter that antagonism does not exist because 1) Plaintiff claims that he is a majority shareholder and the CEO of ADMI and thus has control over the corporation, and 2) that the corporation is deadlocked.

### 1) Plaintiff's Claim that he is Majority Shareholder and CEO of ADMI

Defendants assert that because Plaintiff's complaint pleads that he is the majority shareholder and CEO of ADMI, he cannot be antagonistic to ADMI. Plaintiff's complaint states, "Plaintiff Joseph R. Cellura…is an officer, director, and majority shareholder of ADMI, Inc…" and that Defendant Ghiselli is "a minority shareholder of ADMI, a former director and officer of ADMI, and currently purports to control ADMI as its Chief Executive Officer." (ECF No. 1 at 13.)

Defendants cite *Taylor v. Swirnow,* 80 F.R.D. 79 (D. Md. 1978) and *Irwin v. W. End Dev. Co.*, 342 F. Supp. 687 (D. Colo. 1972), *aff'd in part, rev'd in part*, 481 F.2d 34 (10th Cir. 1973), for the proposition that where a plaintiff pleads that they are the majority shareholder or controlling officer, the corporation cannot be antagonistic and must be aligned as a plaintiff. However, *Taylor* and *Irwin* did not deal with a situation in which *actual* control and ownership over the corporation was at issue. In *Taylor,* it was not contested that plaintiffs were majority

shareholders. 80 F.R.D. at 84. In *Irwin*, the court found that after a decree in the case was entered, plaintiffs would own a majority of stock – this also did not appear contested. 342 F.Supp at 702.

Here, while Plaintiff has alleged that he is the rightful CEO and majority shareholder of ADMI, he alleges that he does not have actual control over ADMI. (ECF No. 8 at 4.) Defendants do not contest this. In support of this argument, Plaintiff notes that Defendant Ghiselli, acting on behalf of ADMI, has brought suit against Cellura in the S.D.N.Y. action. (ECF No. 17 at 5; ECF No. 4-4.) Based on the allegations and facts presented to the Court, it appears that Defendant Ghiselli, as opposed to Plaintiff Cellura, is currently acting on behalf of ADMI. As Ghiselli is adverse to Cellura's claim of control of ADMI, antagonism exists between Plaintiff and Defendants who have current actual control over the corporation. *See In re Digimarc*, 549 F.3d at 1234.

**2) Defendants' Claim that the Corporation is "Deadlocked"**

Where a corporation is "disabled from acting in its own interest, for the purpose of the alignment of parties it cannot be considered to be adverse to the plaintiff." *Kartub v. Optical Fashions, Inc.*, 158 F. Supp. 757, 758 (S.D.N.Y. 1958). A mere inability to act does not create antagonism, and in such a situation the corporation should be considered a plaintiff. *Id.*; *see also Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987); *Gibson v. BoPar Dock Co. Corp.*, 780 F. Supp. 371, 375 (W.D. Va. 1991). However, if the deadlock is a result of a conscious refusal to take action, antagonism may be found. *See e.g. Trabucco v. Carlile*, 57 F. Supp. 2d 1074, 1077 (D. Or. 1999)(overruled in part).

Defendants assert in their opposition that ADMI is deadlocked and thus cannot be antagonistic to Cellura. Specifically, Defendants argue that Cellura's claim of power is causing a deadlock of ADMI's operations: they cannot make payments to beneficiaries or investor interest payments, or sell assets for debt payment. (ECF No. 14 at 8-9.) However, Defendant Ghiselli conceded at oral

1   argument that despite the ownership dispute, ADMI is not deadlocked and Mr.
2   Ghiselli is in fact running ADMI.

3       The circumstances in this action indicate that ADMI is not deadlocked as
4   to this particular issue of corporate ownership and control. While ADMI does
5   seem to be facing operational difficulties, it is not *unable* to act as to this
6   ownership dispute. Put another way, there is no evidence that Ghiselli is *disabled*
7   from recognizing Cellura's claim of ownership (regardless of its merits) – rather,
8   Ghiselli consciously denies Cellura's claim. *See Kartub*, 158 F. Supp. at 758;
9   *Trabucco*, 57 F. Supp. 2d at 1077. Thus, the Court finds that ADMI is not
10  deadlocked so as to prevent a showing of antagonism.

11      Because antagonism exists and ADMI is not deadlocked, ADMI should be
12  properly aligned as a Defendant in this action. As both Plaintiff Cellura and
13  Defendant ADMI are citizens of Nevada, diversity does not exist between the
14  parties and this court lacks jurisdiction over this action pursuant to 28 U.S.C. §
15  1332. The Court thus grants Plaintiff's motion to remand.

16      **A. Defendants' Request for Leave to Amend**

17      In their response, Defendants request leave to amend their notice of
18  removal to add federal question jurisdiction as a basis for jurisdiction in this
19  Court. (ECF No. 14 at 15.) Defendants state "[i]t is clear from the Plaintiff['s]
20  inclusion and discussion of the Plaintiff's State Court allegation in his Motion to
21  Remand the matter involves securities fraud by Cellura concerning a federal
22  question." (*Id.* at 16.)

23      Courts have generally held that after the thirty-day period in which a
24  defendant may remove an action to federal court, a petition for removal can be
25  amended only to clarify or correct the grounds for removal already stated, but "in
26  most circumstances, however, defendants may not add completely new grounds
27  for removal or furnish missing allegations, even if the court rejects the first-
28  proffered basis of removal." 14C Wright & Miller, *Federal Practice & Procedure* §

1 3733 (Rev. 4th ed.).

2 Under Ninth Circuit precedent, a defendant is not permitted raise a new
3 ground for removal after the thirty-day removal period. *O'Halloran v. Univ. of*
4 *Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) (A petition for removal "cannot
5 be amended to add a separate basis for removal jurisdiction after the thirty-day
6 period."); *see also Villegas v. The Pep Boys Manny Moe & Jack of Cal.*, 551 F.
7 Supp. 2d 982, 992 (C.D. Cal. 2008) (action was removed on the basis of ERISA;
8 defendants could not later amend the removal petition to assert a ground for
9 removal under CAFA after the thirty-day removal period); *Sullivan v. BNSF Ry.*
10 *Co.*, 447 F. Supp. 2d 1092, 1099 (D. Ariz. 2006) (defendant could not raise new
11 ground for removal in response to petition for removal after thirty-day period).

12 Plaintiff's claim was filed in state court on March 15, 2024. (ECF No 1 at
13 12.) Defendants' notice of removal, filed on April 15, 2024 was based on diversity
14 jurisdiction under 28 U.S.C § 1332, and did not raise federal question jurisdiction
15 under 28 U.S.C § 1331 as a basis for removal. (ECF No. 1 at 4-5.) Defendants
16 requested to amend their removal notice on June 12, 2024 (approximately 58
17 days after the filing of their removal notice). (ECF No. 14.) Thus, Defendants are
18 beyond the thirty-day removal period and may not amend their notice of removal
19 to include federal question jurisdiction as a basis. The Court accordingly denies
20 this request.

21 **B. Personal Jurisdiction**

22 In their response to Plaintiff's motion to remand, Defendants assert for the
23 first time that there is no personal jurisdiction over them in Nevada. (ECF No. 14
24 at 7.) Defendants did not file a motion to dismiss for lack of personal jurisdiction,
25 but rather moved to dismiss for lack of personal jurisdiction in their responsive
26 briefing. (*Id.*) When a federal court has before it a motion to remand and a motion
27 to dismiss for lack of personal jurisdiction, the court has discretion in
28 determining which motion to resolve first. *See Ruhrgas AG v. Marathon Oil Co.*,

526 U.S. 574, 575-576 (1999). "[I]n most instances "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [the remand] issue first." *Id.* at 576; *see also Riggs v. Hecker*, 325 F. Supp. 3d 1110, 1111 n. 1 (D. Nev. 2018), *aff'd sub nom. Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981 (9th Cir. 2019) (declining to exercise discretion to review personal jurisdiction before motion to remand where the subject matter jurisdiction inquiry did not involve a complex question).

Because the Court has determined that it lacks subject matter jurisdiction and will grant Plaintiff's motion to remand, the Court will not consider whether lack of personal jurisdiction is a defense or was properly raised in Defendants' response.

### III.   MOTION TO DISMISS, TRANSFER, OR STAY ACTION

Defendants' motion to dismiss, transfer, or stay argues that because a similar lawsuit was filed in S.D.N.Y. before the present case, the "first-to-file" rule applies, and this action should be dismissed, transferred to S.D.N.Y., or stayed pending the outcome of the S.D.N.Y. action. (ECF No. 4 at 11-14.) Because the Court has determined that it lacks subject matter jurisdiction over this action and is granting Plaintiff's motion to remand to state court, the Court denies Defendants' motion as moot.

//
//
//
//
//
//
//
//
//

**IV.     CONCLUSION**

It is therefore ordered that Plaintiff's motion to remand (ECF No. 8) is GRANTED.

It is further ordered that Defendants' motion to dismiss, transfer, or stay this action (ECF No. 4) is DENIED AS MOOT.

It is further ordered that the Clerk of the Court is instructed to REMAND this case to the Second Judicial District Court in Washoe County, Nevada.

It is further ordered that the Clerk of the Court is instructed to CLOSE this case.

Dated this 18th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9